JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Markus Wright

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

See attached counsel list.

## DEFENDANTS

The Salvation Army, a New York Corporation

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

See attached counsel list.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [x] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. Section 1332

Brief description of cause:
Premises liability personal injury action with diversity subject matter jurisdiction.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE DOCKET NUMBER

DATE: Feb 25, 2026

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

**COUNSEL LIST**

Patrick R. Infanti, Esquire
Rodden Rodden & Breslin
125 North 20th Street
Philadelphia, PA  19103
215-940-2155 (P)
*Counsel for Plaintiff*
*Markus Wright*

Michael A. Salvati, Esquire
Marshall Dennehey, P.C.
2000 Market Street
Suite 2300
Philadelphia, PA  19103
215-575-4552 (P)
*Counsel for Defendant*
*The Salvation Army,*
*A New York Corporation*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

Place of Accident, Incident, or Transaction: 191 Lincoln Highway, Fairless Hills, Pennsylvania 19030

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

***B. Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☒ 6. Other Personal Injury (*Please specify*): Premises
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARKUS WRIGHT<br>Plaintiff<br><br>v.<br><br>THE SALVATION ARMY and<br>CHESTERFIELD SERVICES, INC. and<br>JOHN DOE LANDSCAPER and<br>RICHARD ROE – PROPERTY<br>MANAGEMENT COMPANY<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION**<br><br>**NO:** |

**NOTICE OF REMOVAL**

Defendant, The Salvation Army, a New York Corporation (hereinafter "Salvation Army"), by and through its attorneys, Marshall Dennehey, P.C., hereby respectfully files the Notice of Removal of this action, which is currently pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, January Term, 2026, Case No. 02393, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof avers as follows.

## I. Factual and Procedural History

1. Plaintiff instituted this action or or about January 20, 2026, by filing a Complaint in the Court of Common Pleas of Philadelphia County. A copy of Plaintiff's Complaint is attached hereto as Exhibit A.

2. The named Defendants include Salvation Army, Chesterfield Services, Inc.,[1] John Doe Landscaper and Richard Roe – Property Management Company. *See id*., generally.

3. In his Complaint, Plaintiff, Markus Wright, alleges he "encountered a dangerous and defective condition in the form of ice and/or black ice on the walkways and parking lot which was allowed to exist in the Defendants' parking lot, said defective condition caused Plaintiff to slip and fall resulting in personal injuries to Plaintiff[.]" *Id*. at ¶ 15.

4. The alleged accident occurred at the property located at 191 Lincoln Highway, Fairless Hills, Pennsylvania. *See id*.

5. Plaintiff has alleged individual Negligence claims against each Defendant. *See id*. at Counts I-IV.

6. The Complaint was served on Salvation Army on February 5, 2026. A copy of the Affidavit of Service as to Salvation Army is attached hereto as Exhibit C.

**II. <u>Diversity of Citizenship exists among the parties.</u>**

7. Plaintiff, Markus Wright, is an adult individual residing in Bristol, Pennsylvania. *See* Exhibit A, at ¶ 1.

8. Plaintiff is therefore, upon information and belief, a citizen of Pennsylvania.

9. Defendant The Salvation Army, a New York Corporation is a New York corporation with its principal place of business located at 440 West Nyack Road, West Nyack, New York 10994. *See* Notice of Removal filed in *Bellinger v. Philadelphia Kroc Center and The Salvation Army, a New York Corporation*, attached hereto as Exhibit D, at ¶ 9.

[1] Defendant Chesterfield Services, Inc. was dismissed as a defendant in this matter without prejudice by stipulation of the parties. A copy of the parties' Stipulation to Dismiss Defendant Chesterfield Services, Inc. and Amend the Complaint is attached hereto as Exhibit B.

10. Accordingly for jurisdictional purposes, Defendant The Salvation Army, a New York Corporation is a citizen of New York. *See* U.S.C. § 1332(c)(1).

11. Although Defendant Chesterfield Services, Inc. was dismissed from this action without prejudice by stipulation of the parties, Chesterfield Services, Inc. is a corporation formed and existing under the laws of the State of Ohio with its principal place of business at 3520 Forest Lake Drive, Uniontown, Ohio 44685. *See* the September 20, 1991 Articles of Incorporation and the June 1, 2021 Amended Articles of Chesterfield Services, Inc., attached hereto as Exhibit E.

12. Accordingly for jurisdictional purposes, former Defendant Chesterfield Services, Inc. is a citizen of Ohio. *See* U.S.C. § 1332(c)(1).

13. Because Plaintiff is a citizen of Pennsylvania and Defendants have citizenship in New York and Ohio, diversity of citizenship exists in this case.[2]

**III. The Amount in Controversy requirement is met.**

14. Under 28 U.S.C. § 1332, federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

15. Where, such as here, Plaintiff's Complaint does not specify the amount of damages sought, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014) (clarifying that jurisdictional discovery must be allowed if a good faith assertion is challenged).

[2] For purposes of removal, the citizenship of the "John Doe" defendants, John Doe Landscaper and Richard Roe – Property management Company, are similarly not considered for diversity purposes. *See, e.g., Hennix v. Belfor USA Group, Inc.*, 2022 WL 3691020 (E.D. Pa. Aug. 25, 2022); *see also* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

16. Although Plaintiff does not quantify the exact damages, he seeks compensation in excess of $50,000, together with interest and court costs, for allegedly being "rendered sick, sore, lame and prostrate and has sustained injuries most specifically a lumbar injury resulting in a possible injury to the muscles, nerves, disks, bones and ligaments connected thereto[,]" including "great pain and suffering," past, present and future medical expenses for an indefinite period of time in the future, perhaps permanently, and loss, diminution and depreciation of his earnings and future earning capacity which will continue for an indefinite time in the future. *See* Exhibit A, at ¶¶ 19-21, and *ad damnum* clauses.

17. Further, Plaintiff has presented medical records to The Salvation Army suggesting diagnoses of lumbar spine herniations and radiculopathy.

18. While Salvation Army reserves the right to challenge the extent and cause of Plaintiff's damages, the injuries alleged demonstrate an amount in controversy, exclusive of interest and costs, exceeding $75,000.00. *See Dart*, *supra*; *see also Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) (amount in controversy requirement is satisfied unless it is clear "to a legal certainty" that the claim is really for less than the jurisdictional amount); *Sherman v. Bally's Hotel & Casino*, 2010 WL 1491425 at *1 (D.N.J. Apr. 13, 2010), citing *Bunch v. Wal-Mart*, 2009 U.S. Dist. LEXIS 34019, at *7 (N.D.Ind. Apr. 20, 2009) (finding that a plaintiff's "allegations of permanent injury, medical expenses, pain and suffering, and future medical expenses and pain and suffering make it facially apparent that the amount in controversy exceeds $75,000" in a personal injury case).

**IV. <u>Defendant has complied with all procedural requirements for removal.</u>**

19. This Civil Action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because there exists diversity of citizenship between the parties, and the amount in

controversy is in excess of $75,000 exclusive of interest and costs. Accordingly, this matter is one which may be removed to this Court by notice pursuant to 28 U.S.C. §§ 1441 and 1446.

20. This Notice of Removal has been filed within thirty (30) days after service of Plaintiff's Complaint on Defendant The Salvation army, a New York Corporation on February 5, 2026. *See* 28 U.S.C. § 1446(b)(1); Exhibit C.

21. The only remaining non-fictitious named Defendant is The Salvation Army, a New York Corporation; therefore, no other party needs to consent pursuant to 28 U.S.C. § 1446(b)(2)(A).[3]

22. Written notice of the filing of this Notice of Removal has been given to all adverse parties in accordance with 28 U.S.C. § 1446(d), and is noted in the Certificate of Service attached hereto.

23. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because this case was initially brought in a state court within the geographical area of the Eastern District of Pennsylvania, and because this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

24. Promptly after filing in this Court and the assignment of a Civil Action Number, a Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, in accordance with 28 U.S.C. § 1446(d).

25. Copies of all process, pleadings, and Orders served upon Salvation Army are attached hereto in accordance with 28 U.S.C. § 1446(a). *See* Exhibit A, Plaintiff's Complaint; Exhibit B, Stipulation to Dismiss Defendant Chesterfield Services, Inc. and Amend the Complaint; Exhibit C, Affidavit of Service Upon The Salvation Army, a New York Corporation.

---

[3] The general rule in 28 U.S.C. § 1446(b)(2)(A), which requires that all defendants must join in a notice of removal, may be disregarded where the non-joining defendants are "John Doe" defendants whose identities are unknown. *See, e.g., Green v. America Online (AOL)*, 318 F.3d 465 (3d Cir. 2003); *Bonilla-Paul v. Walmart, Inc.*, 2019 WL 13071987 (E.D. Pa. Nov. 22, 2019).

WHEREFORE, Defendant The Salvation Army, a New York Corporation hereby removes this action from the Court of Common Pleas for Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

**MARSHALL DENNEHEY, P.C.**

BY: */s/ Michael A. Salvati*

MICHAEL A. SALVATI
Attorney ID. No. 311682
Attorney for Defendant
The Salvation Army, a New York Corporation
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-4552 (P) / 215-575-0856 (F)
masalvati@mdwcg.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing Notice of Removal was served this date, via electronic mail, to the following:

Patrick R. Infanti, Esquire
Rodden Rodden & Breslin
125 North 20th Street
Philadelphia, PA 19103
Pinfanti@roddenlaw.com

**MARSHALL DENNEHEY, P.C.**

BY: */s/ Michael A. Salvati*
MICHAEL A. SALVATI
Attorney ID. No. 311682
Attorney for Defendant
The Salvation Army, a New York Corporation
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-4552 (P) / 215-575-0856 (F)
masalvati@mdwcg.com

**Dated:** February 25, 2026